UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CHARLENE DEANGELO** | : DOCKET NO.: 3:09CV1753(VLB) |
| **PATRICIA FRASCA** | : |
| **KAI FASSET AND** | : |
| **REBECCA EASTMAN** | : |
|     Plaintiffs, | : |
| **V.** | : |
| | : |
| **PRRC, INCORPORATED d/b/a** | : |
| **PRICE RITE** | : |
| | : |
|     Defendant, | : JANUARY 31, 2010 |
| | : |

## AMENDED COMPLAINT

<u>FIRST COUNT</u>:   (PLAINTIFF CHARLENE DeANGELO AS TO PRRC,
                  VIOLATION OF CGS §46a-60(a)(1);46-60(a)(4); AND 46a-58(a).)

1.  Plaintiff Charlene DeAngelo ("DeAngelo") at all pertinent times complained of resided in Torrington, Connecticut.

2.  The defendant is PRRC , Incorporated d/b/a Price Rite ("Price Rite") is in the business of providing for the retail sales of groceries with business addresses throughout Connecticut, including Bridgeport, Waterbury, Danbury, Torrington, Bristol and Hartford. PRRC has it's regional office located in Waterbury, Ct.

3.  In or around March of 1997 the plaintiff began working for the Price Rite store located at 695 Main Street, Torrington, CT.

4.  In or around the fall of 2007, David Potter ("Potter") was transferred from the Bridgeport store and appointed as the General Manager of the Torrington Store.

5. Soon after his arrival at the Torrington location, David Potter began a pattern of conduct wherein he sexually harassed employees, including the plaintiff in the following ways:

a) Unsolicited by the plaintiff, Potter would display himself to the plaintiff rubbing and manipulating his groin and nipples and grabbing his penis asking if she wanted to touch it. His actions were accompanied by overt sexual language entreating the plaintiff to join him in sexual conduct.

b) Unsolicited by the plaintiff, Potter would display himself to the plaintiff licking his lips and thrusting his hips towards her and others in simulated intercourse. He would make gestures simulating the spanking of women. This conduct was accompanied by overt sexual language of things he would like to do to her of a sexual nature.

c) Unsolicited by the plaintiff, Potter would display himself to the plaintiff, deliberately staring at the breasts and buttocks of female customers and that he would use surveillance cameras to monitor the movement within the store of those customers that he found sexually attractive. This conduct was accompanied by overt sexual language of things he would like to do to the customers of a sexual nature.

    d)     Unsolicited by the plaintiff, Potter would routinely discuss with her his sexual relationship with his wife, declaring that his wife did not sexually satisfy him.

    e)     Unsolicited by the plaintiff, Potter would routinely declare that he was interested in a quick sexual relationship with her and/or other employees at the Torrington store.

    f)     Unsolicited by the plaintiff, Potter would routinely describe in detail his purported sexual exploits with women, other than his wife, bragging about his sexual prowess.

    g)     Unsolicited by the plaintiff, Potter would routinely describe his fascination with Asian women and a fetish for certain conduct.

6.    That in or around, May of 2008 the plaintiff complained to the district manager of Price Rite, Mr. Tom Veale, about the conduct of Potter. That Potter's conduct was inappropriate, disgusting and offensive.

7.    That on or about June 15, 2008, the plaintiff and Pat Frasca contacted Price Rite's Human Resources Manager, Alvera Monroe, and stated that four female workers at the Torrington Price Rite Store, Pat Frasca, Charlene DeAngelo, Kai Fasset and Rebecca Eastman, wanted to file a complaint against Potter for sexual harassment. That Potter's conduct was inappropriate, disgusting and offensive.

3

8.  That soon after reporting her complaint to the District Manager of Price Rite, the plaintiff was targeted by management and experienced an escalating pattern of harassment from Potter and others at the Price Rite Store.

9.  That the plaintiff was terminated on or about July 2, 2008 in retaliation for making claims against Mr. Potter.

10.  As a result of the defendant's conduct, the plaintiff has endured economic damages including, but not limited to lost wages, lost medical benefits, costs of medical care and treatment, and the loss of retirement benefits. Moreover she has suffered an ongoing loss of earnings.

11. As a result of the defendant's conduct, the plaintiff has endured non-economic damages including, emotional and physiological distress from the defendant's conduct.


SECOND COUNT:  (PLAINTIFF CHARLENE DeANGELO AS TO PRRC
                VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF
                1964, AS AMENDED)

1.  The plaintiff hereby incorporates by reference paragraphs 1 through 11 of the First Count as though fully set forth herein.

12.  The defendant's conduct was in violation of Title VII of the Civil Rights Act of 1964, as amended.

THIRD COUNT:   ( PLAINTIFF CHARLENE DeANGELO AS TO PRRC – RETALIATION)

1.  The plaintiff hereby incorporates by reference paragraphs 1 through 11 of the First Count as though fully set forth herein.

12.  In firing DeAngelo in July of 2008 the defendant engaged in a systematic course of retaliation against her because she previously opposed discriminatory, sexual harassment and had previously filed an internal complaint against Potter.

FOURTH COUNT: (PLAINTIFF CHARLENE DEANGELO AS TO PRRC, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

1.   The plaintiff hereby incorporates by reference paragraphs 1 through 11 of the First Count as though fully set forth herein.

12. The defendant's conduct was in violation of Title VII of the Civil Rights Act of 1964, as amended.

FIFTH COUNT: (PLAINTIFF CHARLENE DEANGELO, AS TO PRRC, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS).

1.  The plaintiff hereby incorporates by reference paragraphs 1 through 11 of the First Count as though fully set forth herein.

12.  The defendant's conduct negligently inflicted emotional distress upon the plaintiff.

SIXTH COUNT: (PLAINTIFF PATRICIA FRASCA AGAINST PRRC, INC. VIOLATION OF CGS §46a-60(a)(1);46-60(a)(4); 46a-58(a).)

    1. Plaintiff Patricia Frasca ("Frasca") at all pertinent times complained of resided in Canaan, Connecticut.

    2. The defendant is PRRC , Incorporated d/b/a Price Rite ("Price Rite") is in the business of providing for the retail sales of groceries to the general public with business addresses throughout Connecticut, including Bridgeport, Waterbury, Danbury, Torrington, Bristol and Hartford. PRRC has it's regional office located in Waterbury, CT.

    3. In or around 2001 the plaintiff began working for the Price Rite store located at 695 Main Street, Torrington, CT.

    4. In or around the fall of 2007, David Potter ("Potter") was transferred from the Bridgeport store and appointed as the General Manager of the Torrington Store.

    5. Soon after his arrival at the Torrington location, David Potter began a pattern of conduct wherein he sexually harassed employees, including the plaintiff in the following ways:

    a)    Unsolicited by the plaintiff, Potter would display himself to the plaintiff rubbing and manipulating his groin and nipples, grabbing his penis asking if she wanted to touch it. His actions were accompanied by overt sexual language entreating the plaintiff to join him in sexual

6

conduct.

b) Unsolicited by the plaintiff, Potter would display himself to the plaintiff licking his lips and thrusting his hips towards her and others in simulated intercourse. He would make gestures simulating the spanking of women. This conduct was accompanied by overt sexual language of things he would like to do to her of a sexual nature.

c) Unsolicited by the plaintiff, Potter would display himself to the plaintiff, deliberately staring at the breasts and buttocks of female customers and that he would use surveillance cameras to monitor the movement of those customers within the store that he found sexually attractive. This conduct was accompanied by overt sexual language of things he would like to do to the customers of a sexual nature.

d) Unsolicited by the plaintiff, Potter would routinely discuss with the plaintiff, his sexual relationship with his wife, declaring that his wife did not sexually satisfy him.

e) Unsolicited by the plaintiff Potter would routinely ask the plaintiff to show him her breasts and to let him touch her breasts.

f) Unsolicited by the plaintiff, Potter would routinely declare that he was interested in a quick sexual relationship with her and/or other employees at the Torrington store.

      g)      Unsolicited by the plaintiff, Potter would routinely describe in great detail his purported sexual exploits with women, other than his wife, bragging about his sexual prowess.

6.  That in or around, May of 2008 the plaintiff complained to the district manager of Price Rite, Mr. Tom Veale, about the conduct of Potter.  That Potter's conduct was inappropriate, disgusting and offensive.

7.   That on or about June 15, myself and Charlene DeAngelo contacted Price Rite's Human Resources Manager, Alvera Monroe, and stated that four female workers at the Torrington Price Rite Store, Pat Frasca, Charlene DeAngelo, Kai Fasset and Rebecca Eastman, wanted to file a complaint against Potter for sexual harassment. That Potter's conduct was inappropriate, disgusting and offensive.

8.  That soon after reporting her complaint to the District Manager of Price Rite, the plaintiff was targeted by management and experienced an  escalating pattern of harassment from Potter and others at the Price Rite Store.

9.  That the plaintiff was terminated on or about  June 27, 2008 in retaliation for making claims against Mr. Potter.

10.  As a result of the defendant's conduct, the plaintiff has endured economic damages including, but not limited to lost wages, lost medical benefits, costs of medical care and treatment, and the loss of retirement benefits. Moreover she has suffered an ongoing loss of earnings.

_____11.  As a result of the defendant's conduct, the plaintiff has endured non-economic damages including, emotional and physiological distress from the defendant's conduct.

SEVENTH COUNT:  (PLAINTIFF PATRICIA FRASCA--VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED)

1.  The plaintiff Patricia Frasca hereby incorporates by reference paragraphs 1 through 11 of the Sixth Count as though fully set forth herein.

12.  The defendant's conduct was in violation of Title VII of the Civil Rights Act of 1964, as amended.

EIGHTH COUNT:   (PATRICIA FRASCA--RETALIATION)

1.  The plaintiff Patricia Frasca hereby incorporates by reference paragraphs 1 through 11 of the Sixth Count as though fully set forth herein.

12.  In firing Frasca in June of 2008 the defendant engaged in a systematic course of retaliation against her because she previously opposed discriminatory, sexual harassment and had previously filed an internal complaint against David Potter.

NINTH COUNT (PLAINTIFF PATRICIA FRASCA AS TO PRRC,
            INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS).

1.  The plaintiff hereby incorporates by reference paragraphs 1 through 11 of the Sixth Count as though fully set forth herein.

12. The defendant's conduct was in violation of Title VII of the Civil Rights Act of 1964, as amended.

TENTH COUNT: (PLAINTIFF PATRICIA FRASCA, AS TO PRRC,
             NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS).

1.  The plaintiff hereby incorporates by reference paragraphs 1 through 11 of the Sixth Count as though fully set forth herein.

12.  The defendant's conduct negligently inflicted emotional distress upon the plaintiff.

ELEVENTH COUNT:   (PLAINTIFF KAI FASSET AS TO PRRC, INTENTIONAL
                  INFLICTION OF EMOTIONAL DISTRESS.

1.  Plaintiff Kai Fassett ("Fassett") at all pertinent times complained of resided in Torrington, Connecticut.

2.  The defendant is PRRC , Incorporated d/b/a Price Rite ("Price Rite") is in the business of providing for the retail sales of groceries with business addresses throughout Connecticut, including Bridgeport, Waterbury, Danbury, Torrington, Bristol and Hartford.

     3.  On or about August 14, 2007 the plaintiff began working for the Price Rite store located at 695 Main Street, Torrington, CT.

    4.  In or around the fall of 2007, David Potter ("Potter") was transferred from the Bridgeport store and appointed as the General Manager of the Torrington Store.

    5.  Soon after his arrival at the Torrington location, David Potter began a pattern of conduct wherein he sexually harassed employees, including the plaintiff in the following ways:

    a)    Unsolicited by the plaintiff, Potter would try to solicit sexual intercourse with her. Remarking on the shape and attractiveness of her breasts and buttocks.

    b)    Unsolicited by the plaintiff, Potter would stalk her throughout the store making sexual comments about her and others.

    c)    Unsolicited by the plaintiff, Potter followed her into the storage room of the store where she was to clean up broken bottles of cooking oil. Potter requested that she take off her clothes and oil herself up for intercourse with him.

    d)    Unsolicited by the plaintiff, Potter would display himself to the plaintiff, deliberately staring at the breasts and buttocks of female customers and that he would use surveillance cameras to monitor the movement within the store of those customers that he found sexually attractive.

       This conduct was accompanied by overt sexual language of things he would like to do to the customers of a sexual nature.

e)    Unsolicited by the plaintiff, Potter would routinely discuss with her his sexual relationship with his wife, declaring that his wife did not sexually satisfy him.

f)    Unsolicited by the plaintiff, Potter would routinely declare that he was interested in a quick sexual relationship with her and/or other employees at the Torrington store.

g)    Unsolicited by the plaintiff, Potter would routinely describe his purported sexual exploits with women, other than his wife, bragging about his sexual prowess.

h)    Unsolicited by the plaintiff, Potter would routinely describe his fascination with Asian women. He proclaimed to the plaintiff that he had recently won sexual favors from two young Asian women after successfully beating them in a car race along I-84.

I)    Unsolicited by the plaintiff, Potter described the sexual acts allegedly performed upon his person by the two Asian women referenced in paragraph (h) above.

6. That on or about, April 15 2008, while on a day off from work, the plaintiff and her boyfriend arrived at the Torrington Price Rite store to shop. While in the store Potter greeted the pair congratulating the man on his success at gaining sexual intercourse with the plaintiff and further stating that the plaintiff must be an accomplished sexual partner for the man to still be in a relationship with her.

7. That on or about April 16, 2008 the plaintiff, due to the continued pattern of sexual harassment, was compelled to terminate her employment with the defendant. The plaintiff was therefore constructively terminated.

8. As a result of the defendant's conduct, the plaintiff has endured economic damages including, but not limited to lost wages, lost medical benefits, costs of medical care and treatment, and the loss of retirement benefits. Moreover she has suffered an ongoing loss of earnings.

9. As a result of the defendant's conduct, the plaintiff has endured non-economic damages including, emotional and physiological distress from the defendant's conduct.

10. The defendant's conduct intentionally inflicted emotional distress upon the plaintiff.

TWELFTH   COUNT: (PLAINTIFF KAI FASSET, AS TO PRRC, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

1.  The plaintiff hereby incorporates by reference paragraphs 1 through 10 of the Eleventh Count as though fully set forth herein.

11.  The defendant's conduct negligently inflicted emotional distress upon the plaintiff.

THIRTEENTH COUNT:  (PLAINTIFF KAI FASSET AS TO PRRC, VIOLATION OF CONTRACT)

1.  The plaintiff hereby incorporates by reference paragraphs 1 through 10 of the Eleventh Count as though fully set forth herein.

11. The defendant represented to Fasset that pursuant to her agreement to be an employee of Price Rite she could expect that with good performance she would enjoy continued employment.

12.  The defendant's conduct violated the terms of that agreement.

FOURTEENTH COUNT:  (PLAINTIFF KAI FASSET AS TO PRRC, PROMISARY ESTOPPEL)

1.  The plaintiff hereby incorporates by reference paragraphs 1 through 10 of the Eleventh Count as though fully set forth herein.

11. The defendant represented to Fasset that pursuant to her agreement to be an employee of Price Rite she could expect that the employer would maintain an environment free from sexual harassment.

12.  The defendant's conduct violated the terms of that agreement and created an environment of sexual harassment to such an extent as to compel a constructive termination of the plaintiff.

FIFTEENTH COUNT:  (PLAINTIFF REBECCA EASTMAN AS TO PRRC VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED)

1.  Plaintiff Rebecca Eastman ("Eastman") at all pertinent times complained of resided in Goshen, Connecticut.

2.  The defendant is PRRC , Incorporated d/b/a Price Rite ("Price Rite") is in the business of providing for the retail sales of groceries with business addresses throughout Connecticut, including Bridgeport, Waterbury, Danbury, Torrington, Bristol and Hartford.

3.  On or about October 1, 2005 the plaintiff began working for the Price Rite store located at 695 Main Street, Torrington, CT.

4.  In or around the fall of 2007, David Potter ("Potter") was transferred from the Bridgeport store and appointed as the General Manager of the Torrington Store.

5.  Soon after his arrival at the Torrington location, David Potter began a pattern of conduct wherein he sexually harassed employees, including the plaintiff in the following ways:

    a)  Unsolicited by the plaintiff, Potter would try to solicit sexual intercourse with her.

15

b)   Unsolicited by the plaintiff, Potter would stalk her throughout the store making sexual comments about her and others.

c)   Unsolicited by the plaintiff, Potter would display himself to the plaintiff, deliberately staring at the breasts and buttocks of female customers and that he would use surveillance cameras to monitor the movement within the store of those customers that he found sexually attractive.  This conduct was accompanied by overt sexual language of things he would like to do to the customers of a sexual nature.

d)   Unsolicited by the plaintiff, Potter would routinely discuss with her his sexual relationship with his wife, declaring that his wife did not sexually satisfy him.

e)   Unsolicited by the plaintiff, Potter would routinely declare that he was interested in a quick sexual relationship with her and/or other employees at the Torrington store.

f)   Unsolicited by the plaintiff, Potter would routinely describe in great detail his purported sexual exploits with women, other than his wife, bragging about his sexual prowess.

g)   Unsolicited by the plaintiff, Potter would routinely describe his fascination with Asian women. He proclaimed to the plaintiff that he had recently won sexual favors from two young Asian women after

16

    successfully beating them in a car race along I-84.

 h)  Unsolicited by the plaintiff, Potter described the sexual acts allegedly performed upon his person by the two Asian women referenced in paragraph (g) above.

6. On or about August 1, 2008, the plaintiff, Eastman was terminated from her employment with Price Rite.

7. As a result of the defendant's conduct, the plaintiff has endured economic damages including, but not limited to lost wages, lost medical benefits, costs of medical care and treatment, and the loss of retirement benefits. Moreover she has suffered an ongoing loss of earnings.

8. As a result of the defendant's conduct, the plaintiff has endured non-economic damages including, emotional and physiological distress from the defendant's conduct.

9. The defendant's conduct intentionally inflicted emotional distress upon the plaintiff.


SIXTEENTH COUNT (PLAINTIFF REBECCA EASTMAN AS TO PRRC,
        INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS).

1. The plaintiff hereby incorporates by reference paragraphs 1 through 9 of the Fifteenth Count as though fully set forth herein.

17

     10. The defendant's conduct was in violation of Title VII of the Civil Rights Act of 1964, as amended.

SEVENTEENTH  COUNT: (PLAINTIFF REBECCA EASTMAN, AS TO PRRC, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS).

     1.  The plaintiff hereby incorporates by reference paragraphs 1 through 9 of the Fifteenth Count as though fully set forth herein.

     10.  The defendant's conduct negligently inflicted emotional distress upon the plaintiff.

EIGHTEENTH COUNT:  (PLAINTIFF REBECCA EASTMAN AS TO PRRC, VIOLATION OF CONTRACT)

     1.  The plaintiff hereby incorporates by reference paragraphs 1 through 9 of the Fifteenth Count as though fully set forth herein.

     10. The defendant represented to Eastman that pursuant to her agreement to be an employee of Price Rite she could expect that with good performance she would enjoy continued employment.

     11.  The defendant's conduct violated the terms of that agreement.

WHEREFORE, the plaintiffs claims:

1. Compensatory damages on all counts;

2. Economic Damages;

3. Non-economic Damages;

4. Common law punitive damages;

5. Liquidated damages;

6. Attorney's fees;

7. Costs;

8. Such other and further relief as the Court may deem just and proper.

PLAINTIFFS, CHARLENE DEANGELO,
PATRICIA FRASCA , KAI FASSET, and
REBECCA EASTMAN

By_____/s/_____
Kevin E. Creed
Newman, Creed & Associates
99 North Street, Route 6
P.O. Box 5757
Bristol, CT 06010
Their Attorneys
Federal Bar No.: CT 18668
860-583-5200
kcreed@newmancreed@yahoo.com